**UNITED STATES of America**
**Plaintiff–Appellee,**

v.

**$5,730.00 IN UNITED STATES CURRENCY Defendant–Appellant.**

No. 03–3270.

United States Court of Appeals, Sixth Circuit.

July 29, 2004.

Deborah F. Sanders, Columbus, OH, for Plaintiff–Appellee.

Lawrence J. Cook, Akron, OH, for Defendant–Appellant.

Before: SUHRHEINRICH, BATCHELDER, and COLE, Circuit Judges.

## OPINION

COLE, Circuit Judge.

Federal agents seized $5,730.00 from Alan T. Grier at the Port Columbus International Airport on November 6, 2001. On November 15, 2002, Grier filed a claim with the DEA contesting the seizure. The United States filed a civil action *in rem* against the seized money on April 12, 2002, and four days later the district court issued an arrest warrant *in rem*. Grier filed an answer to the complaint on May 20, 2002. The government served a copy of the complaint, order, and warrant on Grier on June 7, 2002. On July 12th, 19th, and 26th, 2002, the government published notice of the action in *The Daily Reporter,* a newspaper of general circulation in the Southern District of Ohio.

A claimant such as Grier must have both Article III and statutory standing to contest a civil forfeiture. *United States v. Currency $267,961.07,* 916 F.2d 1104, 1107 (6th Cir.1990). Article III standing is satisfied by a mere colorable interest in the seized property, and the parties do not dispute that Grier has one. Statutory standing is achieved by strictly complying with Federal Rule of Civil Procedure Supplemental Rule for Certain Admiralty and Maritime Claims C(6), which governs in rem actions in the district court. *Id.* at 1108. Rule C(6) provides, in pertinent part:

> (i) a person who asserts an interest in or right against the property that is the subject of the action must file a verified statement identifying the interest or right:
>> (A) within 20 days after the earlier of (1) receiving actual notice of the execution of process, or (2) completed publication of notice under Rule C(4)
>
> . . .
>
> (iii) a person who files a statement of interest in or right against the property must serve an answer within 20 days after filing the statement.

This section of the Rule was amended, effective December 1, 2002, to comport with 18 U.S.C. § 983(a)(4)(A), by changing the time from twenty days to thirty days and the first event listed under (i)(A) to the date of service of the government's complaint, rather than the date of actual notice of the execution of process. On November 20, 2002, the district court granted the government's motion to strike Grier's answer due to lack of statutory standing due to Grier's failure to submit a "verified statement identifying the interest or right" as required by Rule C(6), and found Grier in default. The district court

entered its default judgment and decree of forfeiture against defendant $5,730.00 in United States Currency on December 17, 2002.

Prior to the government's filing of its complaint in federal court, Grier had filed a claim with the DEA. The purpose of the claim to the DEA was to stop the summary forfeiture proceedings at the administrative level authorized for seizures of less than $500,000 by 19 U.S.C. § 1607 (2002). Once Grier filed this claim, the agency was required to forward the paperwork to the district's United States Attorney for institution of a judicial condemnation proceeding if it wished to proceed with the condemnation. *See* 19 U.S.C. § 1608. This was done by the government and a judicial condemnation proceeding was instituted in the district court.

On appeal, Grier argues that the claim he filed with the DEA to stop the administrative forfeiture satisfies the requirement of Rule C(6). It does not. The Rule C(6) filing "notif[ies] the court that the claimant is entitled, by virtue of his sworn claim to the property, to join the action and be heard." *United States v. United States Currency in the Amount of $2,857.00*, 754 F.2d 208, 213 (7th Cir.1985) (holding that a claim filed with the DEA does not satisfy the requirements of Rule C(6)). A previous claim to an administrative agency does not put the materials required to establish statutory standing into the record before the district court. Further, the claim that Grier submitted to the DEA is no more a part of the record here. We, therefore, also do not know if the claim is a "verified statement" under Rule C(6).

Grier also suggests we should reevaluate our interpretation of Rule C(6) because of the passage of the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 983 *et seq.* But Grier does not point to any portion of CAFRA that would affect this case. As noted above, Rule C(6) was amended (albeit after this forfeiture) to reflect CAFRA by changing the time period for response and the event which triggers that time interval, yet these changes are irrelevant to whether filing a claim with the DEA satisfies Rule C(6)'s requirement to file with the district court.

Grier makes one further point—he argues that he was affirmatively misled by instructions he received from the DEA. In support of this claim, Grier quotes a portion of a letter that the DEA sent him, which is not a part of the record in this case. While the selective portion quoted by Grier may be susceptible to multiple readings, we do not know whether the remainder of the document clears up any such misunderstanding, because the document is not before us. We cannot consider evidence not in the record.

Grier finally claims that this procedure required by Rule C(6), rather than being designed to protect true claimants, is a complex and draconian procedure by which the government lines its coffers. Yet Grier was represented by counsel, a professional experienced with reading and complying with procedural requirements. The dictates of Rule C(6) are relatively plain and the case law applying it repeatedly states that compliance must be strict. *See, e.g., United States v. One Assortment of Eighty–Nine Firearms and Six Hundred and Thirty–Eight Rounds of Ammunition*, 846 F.2d 24, 26 (6th Cir.1988); *see also United States v. Commodity Account No. 549 54930 at Saul Stone & Co.*, 219 F.3d 595, 598 (7th Cir.2000) (" '[S]trict compliance with Supplemental Rule C(6) is typically required.' Although [claimant] claims that he should not be held responsible for his attorney's negligence, his attorney's mistakes are imputed to him and deprive him of standing."). While Grier may have a claim against his lawyer, he no longer has one against the government.

For the reasons above, the judgment of the district court is AFFIRMED.