FILED
United States Court of Appeals
Tenth Circuit

January 20, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

$29,410.00 IN UNITED STATES
CURRENCY, more or less,

      Defendant.

------------------------------

WALTER KEVIN MOORE, III,
a/k/a Walter John Moore, III,

      Claimant - Appellant.

No. 14-6101
(D.C. No. 5:13-CV-00132-D)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **O'BRIEN**, and **HOLMES**, Circuit Judges.

In this in rem civil forfeiture of $29,410.00, Claimant Walter Kevin Moore, III

asserted his ownership of the currency, which law enforcement officers found in a

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

suitcase in his vehicle. The action was filed pursuant to 21 U.S.C. § 881(a)(6), which authorizes forfeiture of currency used in illicit drug trafficking. Moore filed a pro se Verified Proof of Claim to the currency, as authorized by 18 U.S.C. § 983(a)(4)(A) and Rule G(5)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (Supplemental Rules). The government then served interrogatories on him concerning his interest in and possession of the currency, *see* Supp. R. G(6)(a), which he failed to answer. He also failed to file an answer to the complaint. *See* 18 U.S.C. § 983(a)(4)(B) & Supp. R. G(5)(b). Represented by counsel, he sought and was granted four extensions of time to respond to the interrogatories, but he never did.

Based on his failure to file an answer or respond to the interrogatories, the government moved to strike Moore's Verified Proof of Claim, *see* Supp. R. G(8)(c)(i)(A), which the district judge granted. Moore then filed a motion to reconsider, which the judge denied. The judge also denied on procedural and jurisdictional grounds Moore's merits challenges to the seizure and forfeiture of the currency. Upon the government's motion and over Moore's objection, a default was entered against him, pursuant to Fed. R. Civ. P. 55(a). In a subsequent order, the judge entered a default judgment and ordered the currency forfeited to the government. Moore appeals from the default judgment.

"Decisions to enter judgment by default are committed to the district court's sound discretion, and our review is for an abuse of discretion." *Olcott v. Delaware*

*Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003) (internal quotation marks omitted). "We will not disturb the court's decision without a clear showing that the decision was based on a clearly erroneous factual finding or that it manifests a clear error of judgment." *Niemi v. Lasshofer*, 770 F.3d 1331, 1352 (10th Cir. 2014) (internal quotation marks omitted).

Moore contends his failure to file an answer or respond to the interrogatories was excusable because (1) the government's notice informing him he needed to file an answer to the complaint was returned marked "unclaimed;" (2) his current attorney entered his appearance in this case on June 14, 2013, and the government moved to strike the Verified Proof of Claim on September 27, 2013, thus allowing too little time to respond; (3) the relatively late involvement of his current attorney and the complexity of forfeiture law hampered his ability to respond; and (4) the government was shut down from October 1 to October 16, 2013, and he could not pursue his claims during the shutdown.

According to Moore, he did not receive the government's correspondence telling him when his answer was due, so he should be excused for not filing an answer. But Moore has not challenged two statements made by the government: (1) notice was also sent to Mr. Carsia, the attorney who represented Moore in administrative forfeiture proceedings concerning the currency, *see* Supp. R. G(4)(b)(iii)(B) (authorizing notice to a potential claimant's attorney in administrative forfeiture proceedings); and (2) the government published the notice on the

government's forfeiture website, *see id.* Rule G(4)(a) (authorizing notice by publication). Moreover, Rule G(4)(b)(v) provides, "[a] potential claimant who had actual notice of a forfeiture action may not oppose or seek relief from forfeiture because of the government's failure to send the required notice." By filing his Verified Proof of Claim, Moore demonstrated he had actual notice of the forfeiture action. We reject his excuses for failing to file an answer to the complaint.

We also reject Moore's remaining arguments for failing to file an answer or respond to the interrogatories—his current attorney did not have time to respond, his attorney was unable to file an appropriate timely response due to the complexity of the law, and the government shutdown prevented him from protecting his rights. He does not claim to have made any attempt to file an answer or respond to the interrogatories between June 14, 2013, the date his attorney entered his appearance in this case, and September 27, 2013, the date the government moved to strike the Verified Proof of Claim. During this period, the government agreed to four requests for more time. Moore has offered no reasonable explanation for his inability to prepare the necessary filings for over three months. His reliance on the government shutdown is contrived and also unavailing; the government had filed its motion to strike before the shutdown occurred and Moore alleges no attempted action on his part that was frustrated by the shutdown.[1] Finally, we decline his invitation to excuse

---

[1]  The shutdown occurred October 1 to October 16, 2013. The federal district court remained open, however. In addition, the Assistant United States Attorney

(continued)

- 4 -

his neglect because of his attorney's alleged inability to comply with the applicable law and procedure. The Supreme Court has long rejected "the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962); *accord Gripe v. City of Enid*, 312 F.3d 1184, 1189 (10th Cir. 2002). There was no abuse of discretion in entering the default judgment.

Moore's remaining appellate arguments challenge the government's search and its seizure of the currency as well as its grounds for forfeiture. Because the default judgment was properly entered, we need not, and therefore do not, address merits arguments.

Moore's motion for leave to file a rebuttal appendix is denied. The proffered materials are print-outs from websites apparently offered for their persuasive authority on the merits of the forfeiture, but there is no indication they were submitted to the district court. *Cf. Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir. 2008) ("We generally limit our review on appeal to the record that was before the district court when it made its decision.").

---

assigned to this case represents he was not furloughed during the shutdown and was away from his office for only four days during this period.

The judgment of the district court is affirmed.

Entered for the Court

Terrence L. O'Brien
Circuit Judge