NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0190n.06

No. 16-6086

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ONE 2011 PORSCHE PANAMERA,
et al.,

      Defendants,

PAMELA HILL-DUNCAN, et al.,

      Claimants-Appellants.

FILED
Mar 28, 2017
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE

BEFORE:     GUY, CLAY, and GRIFFIN, Circuit Judges.

**CLAY, Circuit Judge.** The government filed a verified forfeiture complaint against four cars and assorted jewelry in the district court asserting that the named properties were either used in the transportation or sale of controlled substances or were proceeds traceable to the exchange of controlled substances, and were thus subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4) and (a)(6).[1] Claimants Pamela Hill-Duncan, Bernice Hill, and Azalena Hill ("Claimants") filed verified claims to the named vehicles, but failed to file an answer to the complaint. The district court, after granting the government's motion to strike Claimants' claims and denying

---

[1] The district court had jurisdiction over this action pursuant to 28 U.S.C. § 1345, which provides that "district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States." The district court also had jurisdiction pursuant to 28 U.S.C. § 1355, as this is an action for forfeiture. This Court has jurisdiction to hear the appeal pursuant to 28 U.S.C. § 1291.

Claimants' motion to set aside the default, granted the government's motion for default judgment and entered judgment the same day. Claimants now appeal the following district court orders: the order granting the government's motion to strike Claimants' claims, the order denying the motion to set aside the default and granting the government's default judgment motion, and the order entering judgment in favor of the government. For the reasons set forth below, we **AFFIRM** the district court's judgment.

## BACKGROUND

On May 11, 2015, the government filed a verified complaint of forfeiture in the district court naming four vehicles and seven pieces of jewelry as defendants that were subject to civil forfeiture, pursuant to 21 U.S.C. § 881(a)(4) and (a)(6). The government attempted to serve known potential claimants with notice of the complaint of forfeiture. The summonses for Claimants were returned unexecuted, but on June 2, 2015, the government perfected service upon Corliss Shaw, an attorney who was representing Claimants in connection with the related Drug Enforcement Administration ("DEA") administrative forfeiture proceedings for the same vehicles. The government also published notice of the forfeiture complaint on the designated website, www.forfeiture.gov.

On June 23, 2015, Claimants each filed a timely verified claim asserting their rights to the vehicles named in the forfeiture complaint. However, Claimants failed to file an answer to the complaint or a motion pursuant to Federal Rule of Civil Procedure Rule 12 within twenty-one days of filing their verified claims, as required by Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules").[2]

---

[2] The Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions govern judicial forfeiture proceedings. *United States v. Currency $267,961.07*, 916 F.2d 1104, 1108 (6th Cir. 1990).

Therefore, on September 23, 2015, the government moved to strike the verified claims of Claimants for failure to establish statutory standing.

On October 21, 2015, Claimants filed a response to the government's Motion to Strike. In the same document, Claimants also moved to dismiss the complaint for insufficient process and insufficient service of process. In the alternative, Claimants sought leave to file an untimely answer to the complaint. After considering the government's response, on December 21, 2015, the district court denied Claimants' motion to dismiss, denied Claimants leave to file their answers, and granted the government's motion to strike Claimants' claims.

On May 18, 2016, the government filed a motion for entry of default, which was entered on May 24, 2016. Two days later the government filed a motion for default judgment. The same day, Claimants filed a motion seeking to set aside the default pursuant to Rule 55. On June 1, 2016, the district court denied Claimants' motion to set aside the default and granted the government's motion for default judgment. The Court first determined that the standard announced in Rule 55 for setting aside a default did not apply when the court had previously struck claimants' claims for noncompliance with the Supplemental Rules. Second, the court noted that, in their motion to set aside the default, Claimants were essentially reasserting the same arguments for why service was insufficient as already addressed and ruled upon in the district court's prior order. The court declined to litigate these issues again, determined that Claimants' motion to set aside the default was not well-taken, and denied the motion. Having determined that the default should not be set aside, the district court then granted the government's motion for default judgment. Judgment was entered the same day.

Claimants timely appealed from the district court's order granting the government's motion to strike Claimants' claims, the order denying the motion to set aside the default and

granting the government's default judgment motion, and the order entering judgment in favor of the government.

## DISCUSSION

### I.       Denial of Claimants' Motion to Dismiss the Complaint

#### A.       Standard of Review

This Court reviews dismissals and denials of dismissals of complaints for insufficient process under an abuse of discretion standard. *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)). "An abuse of discretion occurs if the district court relies on clearly erroneous findings of fact, applies the wrong legal standard, misapplies the correct legal standard when reaching a conclusion, or makes a clear error of judgment." *Fed. Trade Comm'n v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014) (quoting *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 536 (6th Cir. 2012)).

#### B.       Analysis

Rule G of the Supplemental Rules dictates that, for *in rem* forfeiture proceedings, the government must publish notice of the action and "must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government." Supp. R. G(4)(a) and (b)(i). Such notice "must be sent by means reasonably calculated to reach the potential claimant," and "[n]otice may be sent to the potential claimant or to the attorney representing the potential claimant with respect to the seizure of the property or in a related investigation, administrative forfeiture proceeding, or criminal case." Supp. R. G(4)(b)(iii). Furthermore, Rule G provides that "[a] potential claimant who had actual

notice of a forfeiture action may not oppose or seek relief from forfeiture because of the government's failure to send the required notice." Supp. R. G(4)(b)(v).

Claimants here filed a motion to dismiss the complaint based on insufficient service of process and insufficient process, pursuant to Federal Rule of Civil Procedure 12(b)(4) and (5). The district court denied the motion because "Claimants obviously had actual notice of this action, based on the fact that they filed timely claims to the Property." (R. 35, Order Denying Mot. To Dismiss, PageID #180.)

Claimants now argue on appeal that the district court abused its discretion in denying Claimants' motion to dismiss based on insufficient service and insufficient service of process because the government only served Shaw, the attorney representing Claimants in the associated DEA administrative forfeiture proceedings for the same vehicles. After being served, Shaw notified the government that she was not representing Claimants in the instant judicial forfeiture action. However, she never heard back from the government. Claimants thus contend that service was improper as only Shaw was served. In addition, Claimants claim that the government did not make a good faith effort at serving Claimant Pamela Hill-Duncan because service on her was attempted in Florida, even though the government knew that she worked in Memphis, Tennessee. The government also had the wrong name on summons, as they had her name listed as Pamela Duncan-Hill, instead of Pamela Hill-Duncan.[3]

---

[3] Claimants also argue that, because the service of process was insufficient, "the triggering event for third party claimant[s] . . . to file an answer to the warrant and complaint never occurred." (Claimants' Br. at 26.) However, Claimants misread the relevant rule and associated case law. While filing the verified claim is dependent on the date of actual service, filing the required answer is based solely on the date that Claimants filed their verified claim. *See* Supp. R. G(5)(b) ("A claimant must serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim.").

Rule G, which specifically states that "[a] potential claimant who had actual notice of a forfeiture action may not oppose or seek relief from forfeiture because of the government's failure to send the required notice," Supp. R. G(4)(b)(v), is fatal to Claimants' argument. Claimants do not, and in fact cannot, argue that they did not have actual notice of the forfeiture action. Claimants clearly were aware of the complaint, as they filed timely verified claims to the properties, which is the first step in any *in rem* forfeiture action. Therefore, the district court correctly concluded that Claimants could not challenge the complaint for insufficient process when they had actual notice of the action. The district court did not abuse its discretion in so ruling.

Moreover, we find that the government actually did provide sufficient service. It is undisputed that the government successfully served Shaw. Moreover, the government submitted documents that reveal that Shaw was representing Claimants in the DEA administrative forfeiture proceedings for the same vehicles at issue in this case. Thus, the government provided sufficient process pursuant to Rule G, which provides that either the potential claimant "or . . . the attorney representing the potential claimant . . . in a related investigation, administrative forfeiture proceeding, or criminal case" may be served. Supp. R. G(4)(b)(iii)(B). That Shaw informed the government that she was not representing Claimants in the civil forfeiture case is thus irrelevant, given her representation of Claimants in the related DEA administrative forfeiture proceeding.

For the same reasons, Claimants' claim that service was improper based on the government's attempt to serve Claimant Hill-Duncan under the wrong name and in Florida is also non-meritorious, as the government was only required to serve either the potential claimant or her attorney. *Id.* Here, the government clearly served the attorney representing Hill-Duncan

in a related administrative forfeiture proceeding and thus provided sufficient service. Moreover, as explained above, Hill-Duncan had actual notice of the forfeiture proceeding and consequently cannot seek relief from the forfeiture based on the government's alleged insufficient process. Supp. R. G(4)(b)(v). Therefore, we affirm the district court's decision insofar as it denied Claimants' motion to dismiss the complaint.

## II. Striking of Claimants' Claims and Denial of Leave to File an Answer

### A. Standard of Review

"This Court reviews a district court's decision to strike a claim in an *in rem* forfeiture action for an abuse of discretion." *United States v. Thirty-Five Firearms*, 123 F. App'x 204, 205–06 (6th Cir. 2005) (per curiam) (citing *Currency $267,961.07*, 916 F.2d at 1106). This Court also reviews a district court's decision to accept a late filing after the relevant deadline, based on excusable neglect or lack thereof, for an abuse of discretion. *Nafziger*, 467 F.3d at 522 (citing *Turner v. City of Taylor*, 412 F.3d 629, 649 (6th Cir. 2005)).

### B. Analysis

Rule G of the Supplemental Rules requires that, for *in rem* forfeiture proceedings, "[a] person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending." Supp. R. G(5)(a)(i). Moreover, "[a] claimant must serve and file an answer to the complaint or a motion under Rule 12 [of the Federal Rules of Civil Procedure] within 21 days after filing a claim." Supp. R. G(5)(b). This Court has repeatedly held that potential claimants must strictly comply with Rule G in order to have statutory standing to challenge a forfeiture action. *See, e.g.*, *United States v. One Men's Rolex Pearl Master Watch*, 357 F. App'x 624, 627 (6th Cir. 2009) (requiring "strict compliance" with the requirements of Rule G); *Thirty-Five Firearms*, 123 F. App'x at 206 (stating that in an *in rem*

forfeiture proceeding "[a] claimant is held to 'strict compliance with the provisions of [Rule] C(6)'" (quoting *United States v. One Assortment of Eighty-Nine Firearms*, 846 F.2d 24, 26 (6th Cir. 1988)))[4]; *United States v. $5,730.00 in U.S. Currency*, 109 F. App'x 712, 714 (6th Cir. 2004) ("The dictates of Rule C(6) are relatively plain and the case law applying it repeatedly states that compliance must be strict." (citations omitted)). In addition, "[t]here is no firmly established 'test' under the Supplemental Rule G case law to determine whether to excuse noncompliance generally, and untimeliness specifically." *$22,050.00 U.S. Currency*, 595 F.3d at 323.

In this case, it is undisputed that Claimants did not comply with the strict dictates of Rule G. While Claimants did timely file verified claims, they did not file answers to the complaint within twenty-one days of filing their claim. In fact, it was not until the government filed a motion to strike Claimants' claims that Claimants filed a proposed untimely answer. At this point, the proffered answers were untimely by over three months, as the answers were to be filed on or before July 14, 2015, but were not filed until October 21 of the same year.

In granting the government's motion to strike Claimants' claims, the district court considered first whether Claimants had notice of the forfeiture action such that compliance with the Supplemental Rules was reasonable. Without ruling on whether the government had complied to the letter with all the provisions governing what notice was due to potential claimants, the district court found that Claimants had actual notice, as evidenced by Claimants' timely filing of verified claims. The district court further noted that Claimants offered "no explanation for why they were able to file timely claims, but were unable to file an answer or

---

[4] As noted in *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318 (6th Cir. 2010), "[t]he *in rem* forfeiture Supplemental Rules were renumbered in 2006. The provisions that are now located in Rule G were previously located in Rule C(6). Thus, the older cases discuss adherence to Rule C(6)." *Id.* at 322 n.4.

Rule 12 motion within the allotted time." (R. 35, at 180.) Because Claimants produced no evidence that they were unaware of the Supplemental Rules and because they waited until October 21, 2015 (which was over three months after the answer was originally due and two weeks after a response to the government's Motion to Strike was due) to seek leave to file an untimely answer, the district court determined that Claimants had not exhibited good faith in attempting to comply with the procedural requirements set forth in the Supplemental Rules. The district court thus denied Claimants leave to file untimely answers to the complaint. Finally, based on Claimants' failure to comply with the requirements of the Supplemental Rules and failure to demonstrate good cause for an extension of the deadline to file an answer, the district court granted the government's motion to strike Claimants' claims for failure to establish statutory standing.

On appeal, Claimants again argue that the government did not comply with the notice provisions required in Supplemental Rule G. Claimants also argue that the district court should have considered the factors that were discussed in *Thirty-Five Firearms*, which include "the time the [claimants] became aware of the seizures, whether the government encouraged the delay, the reasons for the delay, whether the [claimants] advised the court and the government of their interest in the property before the claim deadline, and whether the government would be prejudiced by the late filing." 123 F. App'x at 207. Claimants also point to two district court cases in which the district courts excused the claimants' failure to comply with Rule G. *See United States v. One 2002 Chevrolet Avalanche*, No. 05-2001-B, 2006 WL 2612691, at *3 (W.D. Tenn. Sept. 11, 2006); *United States v. Contents of Account XXX1506*, No. 1:12-cv-527, 2013 WL 271740, at *3 (S.D. Ohio Jan. 24, 2013).

Finally, Claimants argue that their case is different from those where this Court has affirmed the district court's decision not to allow claimants to file untimely claims or answers. Specifically, Claimants contend that the situation in *Thirty-Five Firearms* was distinguishable because the claimant in that case, unlike Claimants in the case at bar, waited until after the government filed a default judgment motion and the district court held a hearing before asking for leave to file an untimely claim. 123 F. App'x at 207. Claimants argue that they, in contrast, immediately took action to perfect their claims after receiving notice that the government moved to strike their claims.[5]

There are numerous problems with Claimants' arguments. First, as discussed above, Claimants' argument about insufficient service of process is meritless. It was not an abuse of discretion for the district court to discount this meritless argument in denying Claimants leave to file an untimely answer and striking their claims for noncompliance with Rule G. In addition, just because some district courts have allowed claimants to file untimely claims and answers does not mean that it was an abuse of discretion for the district court in this case not to follow suit.

Moreover, the factors outlined by this Court in *Thirty-Five Firearms* have never been held to be mandatory factors that district courts must consider when deciding whether to allow claimants to file untimely claims or answers. *See $22,050.00 U.S. Currency*, 595 F.3d at 323 (noting that the Court in *Thirty-Five Firearms* "hardly establishe[d] these considerations as the

---

[5] Claimants also cite to *United States v. $38,000.00 Dollars in U.S. Currency*, 816 F.2d 1538 (11th Cir. 1987), in support of their argument that the district court abused its discretion by denying Claimants leave to file an untimely answer and granting the government's motion to strike Claimants claim. This case, however, specifically addressed whether compliance with the timelines established in the Supplemental Rules was required in the absence of proper service by the government, *id.* at 1545–46, and is therefore inapposite, as Claimants here were properly served.

'test' to use in these kinds of cases"). Furthermore, the district court *did* in fact consider some of the factors when making its decision. Notably, the district court considered both the time when Claimants became aware of the seizures and the reasons for delay in filing the required answer. The district court, however, determined that both of these factors counseled against allowing Claimants to file an untimely answer, as Claimants waited over three months to request leave to file an untimely answer and their proffered reason—that the government did not provide sufficient process and service of process—was unavailing. Finally, Claimants incorrectly assert that they immediately attempted to remedy their error by seeking leave to file an untimely answer upon learning of the government's motion to strike their claims. As the district court noted, Claimants' response to the government's motion was, in fact, over two weeks late. While the district court only considered some, but not all, of the factors laid out in *Thirty-Five Firearms*, the court did not abuse its discretion in so doing, given that this Court has specifically stated that those factors do not constitute a test that must be applied by the district courts.

Our conclusion is further supported by the decision in *United States v. $29,410.00 in U.S. Currency*, 600 F. App'x 621 (10th Cir. 2015), in which the United States Court of Appeals for the Tenth Circuit addressed this exact issue. In that case, just as in the case in front of us, the claimant had actual notice of the forfeiture action as evidenced by his timely filing of a verified claim. *Id.* at 623. In addition, the claimant in that case, similar to Claimants here, did not provide any "reasonable explanation for his inability to prepare the necessary filings for over three months." *Id.* The court thus found that the district court did not abuse its discretion in entering default judgment against the claimant. *Id.* at 624.

Because the district court here did not abuse its discretion in denying Claimants leave to file an untimely answer in the absence of any justifiable excuse for failing to meet the procedural

requirements of Rule G, we affirm the district court's ruling insofar as it denied Claimants' request to file an untimely answer and granted the government's motion to strike Claimants' claims.

### III.    Denial of Claimants' Motion to Set Aside the Default

#### A.    Standard of Review

This Court reviews a district court's denial of a motion to set aside a default for abuse of discretion. *$22,050.00 U.S. Currency*, 595 F.3d at 322 (citations omitted).

#### B.    Analysis

This Court has previously determined that, in certain situations, Federal Rule of Civil Procedure 55(c) governs motions to set aside defaults in *in rem* forfeiture actions. *Id.* at 324. "Under Rule 55(c), a district court should set aside default upon a showing of 'good cause.'" *Id.* (quoting Fed. R. Civ. P. 55(c)). When considering whether good cause exists, district courts must consider the following factors: "(1) [w]hether culpable conduct of the defendant led to the default, (2) [w]hether the defendant has a meritorious defense, and (3) [w]hether the plaintiff will be prejudiced." *Id.* (alterations in original) (quoting *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)).

The district court did not engage in the Rule 55(c) analysis; instead, the court determined that Rule 55(c) did not apply in cases such as the one at bar, where "a court has previously struck a claimant's claims for noncompliance with the Supplemental Rules." (R. 49, Order Denying Mot. to Set Aside Default, PageID #222 n.2 (citing *$22,050.00 U.S. Currency*, 595 F.3d at 323 n.5).) The district court thereafter noted that Claimants were essentially attempting to re-litigate the same arguments that they originally submitted as part of their motion to dismiss the complaint. The court declined to reconsider these arguments again in the context of a Rule 55(c)

motion. On appeal, Claimants argue that the district court abused its discretion by not addressing the factors set forth above for Rule 55(c) motions and, in effect, contend that they should have been allowed to have a second chance to establish statutory standing based on the more lenient Rule 55(c) standard after having already been denied under the stricter Supplemental Rule G standard.

Claimants are generally correct that, in certain circumstances, motions to set aside defaults, even in civil forfeiture actions, should be addressed pursuant to Rule 55. *See $22,050.00 U.S. Currency*, 595 F.3d at 324. However, in *$22,050.00 U.S. Currency*, the claimants had not filed any responsive pleadings whatsoever. *Id.* at 319–20. In holding that Rule 55(c) provided the appropriate standard, the Court was careful to limit its holding to cases "in which a known claimant failed to file *anything* because he did not know of the forfeiture action to begin with." *Id.* at 323 n.5 (emphasis added). The Court also repeatedly emphasized that Rule 55 provided the appropriate standard for setting aside a default only when a claimant failed to timely file *both* a verified claim *and* an answer. *Id.* at 323 (finding that the cases applying the standard from the Supplemental Rules "are factually distinguishable from this case because they do not involve a proper, but untimely, *verified claim and answer*" (emphasis added)); *id.* at 324 ("We therefore hold that in civil forfeiture cases such as this one, where the question is whether to excuse a known claimant's failure to file *a verified claim and answer* in the allotted time, district courts should analyze the case using the generally applicable Federal Rules rather than under our requirement of 'strict compliance' with the forfeiture rules." (emphasis added)).

In fact, the Court also noted that the strict compliance requirement continues to apply in cases that "deal with a response that is timely filed but is technically deficient for some reason."

*Id.* at 323 n.5. Such cases included those where the claimant filed an answer or otherwise responded to the forfeiture action but did not file a verified claim. *Id.* (citing *Thirty-Five Firearms*, 123 F. App'x at 205; and *$5,730.00 in U.S. Currency*, 109 F. App'x at 713–14). In those cases, "it was not an abuse of discretion to strike the claim because we require 'strict compliance' with the supplemental rules as a prerequisite for statutory standing to challenge a forfeiture action." *Id.*

This case falls into the category of cases where strict compliance is mandated, instead of the more lenient standard announced in Rule 55. Unlike in *$22,050.00 U.S. Currency*, Claimants here were aware of the forfeiture proceeding and timely filed their verified claim; however, they failed to establish statutory standing because they never filed the required answer. Thus, the Rule 55 standard adopted in *$22,050.00 U.S. Currency* does not apply. This case is instead factually more akin to *$5,730.00 in U.S. Currency*, in which the claimants completed only one of the two steps required by Rule G, and where this Court affirmed that strict compliance with Rule G was required. 109 F. App'x at 714. In *$20,050.00 in U.S. Currency*, we noted that the outcome reached *$5,730.00 in U.S. Currency* continued to be correct, even in light of the decision to apply Rule 55 in cases of true default, where the known claimant failed to complete any of the required steps for establishing standing to challenge the forfeiture action prior to the government's motion for default. 595 F.3d at 323 n.5. Because Claimants did timely file a verified claim and thus joined the lawsuit, but nonetheless missed the deadline for filing an answer, the district court did not abuse its discretion by continuing to apply the stricter standards set forth in the Supplemental Rules instead of allowing Claimants to have a second chance to excuse their procedural errors under a more lenient standard. We therefore affirm the district court's denial of Claimants' motion to set aside the default.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court.