RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 20a0062p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

No. 19-3747

$39,000.00 IN U.S. CURRENCY,

*Defendant*,

ADDONNISE WELLS,

*Claimant-Appellant*.

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 1:18-cv-01753—Dan A. Polster, District Judge.

Decided and Filed:  February 28, 2020

Before:  SUTTON, McKEAGUE, and DONALD, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:**  James R. Willis, Cleveland, Ohio, for Appellant.  Henry F. DeBaggis, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee.

_____

## OPINION

_____

BERNICE BOUIE DONALD, Circuit Judge.  This appeal arises from a civil forfeiture proceeding in which the district court granted the government's motion for summary judgment based on Claimant-Appellant Addonnise Wells' lack of standing.  We **AFFIRM**.

I.

On March 13, 2018, a routine Transportation Security Administration ("TSA") screening indicated the presence of an organic bulk mass in Wells' carry-on luggage. Upon examination of the luggage, TSA officials discovered several rubber-banded bundles of mixed-denomination U.S. currency totaling $39,000.00.

On July 30, 2018, the government filed this forfeiture action. Wells filed a verified claim asserting that he is "the sole[] and absolute owner of the monies," that he was "in sole and exclusive possession of all these monies when it was unlawfully removed from [his] exclusive possession and control," and that he is being "victimized by the illegal retention of [these] funds." Subsequently, Wells filed an answer to the government's forfeiture complaint, denying the government's allegations on the grounds "that the answer could very well tend to, or actually, violate Claimant's Fifth Amendment rights."

Pursuant to Rule G(6)(a) of the Federal Rules of Civil Procedure's Supplemental Rules for Admiralty or Maritime Claims and Civil Forfeiture Actions ("Supplemental Rules"), the government served "special interrogatories" to Wells seeking information testing his assertion of ownership over the defendant currency. In response to each interrogatory, Wells stated, "Claimant refuses to answer this interrogatory as he is asserting his Fifth Amendment right against self-incrimination." The government then moved for summary judgment on the issue of standing, asking the district court to strike Wells' verified claim and answer—along with Wells' naked assertions of ownership made therein—due to Wells' failure to respond to discovery requests aimed at determining the legitimacy of his alleged ownership interests. The district court granted the government's motion for summary judgment, finding that Wells failed to establish standing. *United States v. $39,000.00 in U.S. Currency*, No. 1:18 CV 1753, 2019 WL 2395611, at *5 (N.D. Ohio June 6, 2019). Wells appeals.

II.

"This Court reviews a district court's decision to strike a claim in an *in rem* forfeiture action for an abuse of discretion." *United States v. One 2011 Porsche Panamera*, 684 F. App'x 501, 506 (6th Cir. 2017) (quoting *United States v. Thirty-Five Firearms*, 123 F. App'x 204, 205-

06 (6th Cir. 2005) (per curiam)). "However, '[w]e review *de novo* the district court's determination of a claimant's standing to contest a federal forfeiture action." *United States v. $31,000.00 in U.S. Currency*, 872 F.3d 342, 347 (6th Cir. 2017) (alteration in original) (quoting *United States v. Real Prop. Located at 4527–4535 Michigan Ave., Detroit, Mich.*, 489 F. App'x 855, 857 (6th Cir. 2012)).

On appeal, Wells argues that the government must first establish that it lawfully seized the defendant property before Wells is required to provide more than a mere assertion of ownership to support his claim. Wells is wrong. Before determining whether the government lawfully seized the defendant property, Wells must establish that he has standing to challenge the lawfulness of seizure. *See* Supplemental Rule G(8)(a); *United States v. $46,340.00 in U.S. Currency*, No. 19-3199, 2020 WL 413448, at *1 (6th Cir. Jan. 27, 2020); *United States v. $31,000.00 in U.S. Currency*, 774 F. App'x 288, 292 n.1 (6th Cir. 2019). Wells "bears the burden of demonstrating an interest in the seized [currency] sufficient to satisfy the court of his standing as a claimant" and, after discovery, "[m]ere physical possession of property does not suffice to show standing." *$46,340.00 in U.S. Currency*, 2020 WL 413448, at *1 (quoting *United States v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 498 (6th Cir. 1998)). "[I]nstead, we 'require some explanation or contextual information regarding the claimant's relationship to the seized property.'" *Id.* (quoting *$515,060.42 in U.S. Currency*, 152 F.3d at 498).

A "universal invocation of the Fifth Amendment during discovery foreclose[s] any way for [a claimant] to sustain this burden." *Id.* A blanket assertion of the Fifth Amendment privilege does not excuse a claimant's burden of establishing standing at the summary judgment stage, nor can a claimant use this invocation of the privilege as "a sword . . . to make one's assertions of ownership impervious to attack." *$31,000.00 in U.S. Currency*, 774 F. App'x at 292; *see also United States v. Certain Real Prop. 566 Hendrickson Blvd., Clawson, Oakland Cty., Mich.*, 986 F.2d 990, 996 (6th Cir. 1993). Otherwise, Wells' claim of privilege could allow him to proceed with what may be false evidence while depriving the government of any means of detecting the falsity. *United States v. $99,500.00 U.S. Currency Seized on Mar. 20, 2016*, No. 18-4042, 2019 WL 5783471, at *4 (6th Cir. Nov. 6, 2019).

Accordingly, we find that the district court properly struck Wells' verified claim and answer due to Wells' failure to establish standing. Left with nothing more than a "record devoid of any claim of ownership to the seized currency," the district court properly found that the government was entitled to summary judgment due to Wells' lack of standing. *Id.*

III.

For the foregoing reasons, we **AFFIRM**.