**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0121n.06

No. 12-3276

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**

***Jan 31, 2013***

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| $677,660.00 IN U.S. CURRENCY, | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| Defendant, | ) | |
| | ) | |
| KHALILAH CRUMPLER, | ) | |
| | ) | |
| Claimant-Appellant. | ) | |

BEFORE:  WHITE and DONALD, Circuit Judges; VARLAN, Chief District Judge.[*]

PER CURIAM.  Khalilah Crumpler, an Ohio resident, appeals a district court order forfeiting $677,660 to the federal government.  **We AFFIRM.**

The government filed this forfeiture action against currency discovered in a car driven by Crumpler when she was arrested.  The car was towed and inventoried.  Crumpler filed a verified claim to the currency, asserting she was part owner and bailee of the money (R.E. 8).  The government moved to strike Crumpler's claim.  After holding a hearing, the district court found, in pertinent part, that Crumpler did not have standing, as she did not own the car, and that she failed to establish a credible legal interest in the currency (R.E. 37).  The court therefore ordered forfeiture

---

[*]The Honorable Thomas A. Varlan, Chief United States District Judge for the Eastern District of Tennessee, sitting by designation.

(R.E. 39). On appeal, Crumpler argues that the district court lacked jurisdiction as to the currency because it purportedly was under the jurisdiction of the state of Ohio; the search of the car was unconstitutional; post-arrest statements she made about the money should have been excluded; the money was not shown to be the proceeds of drug transactions; she had standing to challenge the forfeiture because she received the money as a gift from a man she was seeing; and forfeiture violates the Tenth and Fifth Amendments.

We review de novo the district court's determination of a claimant's standing to contest a forfeiture action insofar as it presents a legal question but review only for clear error the district court's factual findings. *United States v. Salti*, 579 F.3d 656, 667 (6th Cir. 2009). "Standing is . . . a legal question to be determined by the court, not a jury." *United States v. $557,933.89, More or Less, in U.S. Funds*, 287 F.3d 66, 78 (2d Cir. 2002). "In order to contest a governmental forfeiture action, [the] claimant[] must have statutory standing through compliance with [the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions], as well as the Article III standing required for any action brought in federal court." *United States v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 497 (6th Cir. 1998); *see* 18 U.S.C. § 983(a)(4)(A). "With respect to Article III standing, . . . a claimant must have a colorable ownership, possessory or security interest in at least a portion of the defendant property." *$515,060.42 in U.S. Currency*, 152 F.3d at 497. "However, due to concerns about 'straw man' transfers" from criminals to third parties who lack any legal interest, "'naked possession' claims are insufficient to establish standing. When confronted with mere physical possession of property as a basis for standing, we require some explanation or contextual information regarding the claimant's relationship to the seized property." *Id.* at 498.

Thus, "[t]o contest a forfeiture action, an individual customarily bears the burden of demonstrating an interest in the seized item sufficient to satisfy the court of [her] standing as a claimant." *Id.*

Here, the district court was presented with contradictory evidence bearing on the question of whether Crumpler had an interest in the defendant currency and properly held a hearing to resolve credibility issues. *See United States v. 1998 BMW "I" Convertible Vin No. WBABJ8324WEM 20855*, 235 F.3d 397, 400 (8th Cir. 2000) (holding that if there are disputed factual issues and witness credibility determinations to be resolved with respect to standing, the district court must conduct an evidentiary hearing (collecting cases)). The district court determined that Crumpler's claim to an interest in the currency was not credible. Crumpler initially denied any knowledge that the money was present in the car and denied owning it (R.E. 28, p. 3; R.E. 23, ex. 4, p. 14; R.E. 32, p. 51),[1] but she testified at the district-court hearing that she was meeting a friend to give him the money when she was arrested (R.E. 32, p. 70). On other occasions, she claimed only to be the bailee of the money (R.E. 19, ex. B). On still other occasions, she claimed to own part of the money (R.E. 8, p.1; R.E. 23, ex. 3; R.E. 32, p. 81) and that all of the money was given to her by an undocumented alien she cannot contact (R.E. 23, ex. 3). Crumpler's constantly changing stories and her inability to verify any interest in the money justified the district court's finding that Crumpler had no credible legal interest in the currency. Her assertion in her reply brief that standing is satisfied through her testimony that the money was found in the car she was driving is mistaken. *See $515,060.42 in U.S. Currency*, 152 F.3d at 497–98. Because Crumpler lacks Article III standing, we cannot reach her

---

[1]To the extent Crumpler contends that the district court should have excluded her post-arrest statements denying any knowledge of the money or interest in it, the argument is irrelevant because she repeated that same assertion in her state-court testimony.

challenges to the government's forfeiture action and need not address whether she had statutory standing.

For all of the above reasons, the district court's order of forfeiture is **AFFIRMED**.