NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0586n.06

No. 17-3436

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff – Appellee, | ) ) ) | **FILED**<br>Oct 25, 2017<br>DEBORAH S. HUNT, Clerk |
| v. | ) ) | |
| $99,500.00 U.S. CURRENCY SEIZED ON MARCH 20, 2016; $107,900.00 U.S. CURRENCY SEIZED ON JUNE 17, 2016; $57,999.00 U.S. CURRENCY SEIZED ON AUGUST 18, 2016, | ) ) ) ) ) | On Appeal from the United States District Court for the Northern District of Ohio |
| Defendants, | ) ) | |
| SAMSON PRIMM, | ) ) | |
| Claimant – Appellant. | ) | |

Before: GUY, MOORE, and ROGERS, Circuit Judges.

**PER CURIAM.**      Samson Primm, the claimant in this in rem civil forfeiture action, appeals from the district court's orders striking his verified claim for lack of standing and forfeiting certain U.S. currency pursuant to 21 U.S.C. § 881(a)(6). Because the district court's rationale for striking Primm's claim was expressly rejected by this court in *United States v. $31,000 in U.S. Currency*, 872 F.3d 342 (6th Cir. 2017), we **REVERSE** the order granting the government's motion to strike Primm's claim and **REMAND** for further proceedings consistent with this opinion.

**I.**

The government sought forfeiture pursuant to 21 U.S.C. § 881(a)(6), alleging that the defendant property constituted proceeds from illegal drug trafficking, was furnished or intended to be furnished in exchange for illegal drugs, and/or was used or intended to be used to facilitate illegal drug trafficking activities. The complaint alleged that an investigation of Samson Primm for drug trafficking and money laundering offenses led to the seizure of: (1) $99,500 in cash from Primm's SUV when he was stopped by the Lorain Police Department on March 20, 2016; (2) $107,900 in cash from Primm's SUV after he was stopped by the Ohio State Highway Patrol on June 17, 2016; and (3) $57,999 in cash when state search warrants were executed at Primm's residence on August 18, 2016. Notice of the forfeiture action was served on Primm's counsel, and warrants taking custody of the seized funds were executed by the U.S. Marshal Service.

Primm filed a verified claim swearing that he was the "sole and absolute owner of the monies" and "was in exclusive possession of these monies when they were seized." Primm's separate answer also asserted sole ownership and exclusive possession of the currency. Days later, the government moved to strike Primm's claim on the grounds that his "naked assertion of ownership or possession" did not satisfy the pleading requirements of Rule G(5)(a)(i)(B) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"). Opposing the motion, Primm argued, in part, that his pleadings were sufficient to establish standing to challenge the seizures on the merits. The district court granted the government's motion, finding that Primm's pleadings failed to establish either Article III standing or statutory standing under Supplemental Rule G. Having stricken the only claim, the

district court granted the government's motion for entry of a final order of forfeiture with respect to the defendant currency. This appeal followed.[1]

## II.

A decision striking a claim in an in rem forfeiture action is generally reviewed for abuse of discretion, but the district court's determination of a claimant's standing to contest the forfeiture is reviewed de novo. *See $31,000 in U.S. Currency*, 872 F.3d at 347 (citing cases). At the pleading stage, the material allegations made in the verified claim are taken as true and are liberally construed in favor of the claimant. *Id.* (quoting *United States v. Real Prop. Located at 4527-4535 Michigan Ave., Detroit, Mich.*, 489 F. App'x 855, 857 (6th Cir. 2012)).

For Article III standing in civil forfeiture cases, "a claimant must have a colorable ownership, possessory or security interest in at least a portion of the defendant property." *United States v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 497 (6th Cir. 1998). However, as a matter of first impression, this court held in *$31,000 in U.S. Currency* that a verified claim of ownership is sufficient to satisfy Article III at the pleading stage. *$31,000 in U.S. Currency*, 872 F.3d at 351 (agreeing with *United States v. $196,969 in U.S. Currency*, 719 F.3d 644, 647 (7th Cir. 2013)). Thus, Primm's claim asserting sole ownership of the cash that is the subject of this forfeiture action sufficiently alleged Article III standing.

In addition, a claimant who wishes to contest an in rem forfeiture also must satisfy the requirements of Supplemental Rule G in order to have statutory standing. *Id.* at 349 (citing cases). Any deviation from the requirements deprives the claimant of statutory standing. *Id.* (citing *One 2011 Porsche Panamera*, 684 F. App'x 501, 506-08 (6th Cir. 2017)). This case centers on the requirements of Rule G(5)(a)(i), which provides that a claim must: "(A) identify

---

[1]Primm's earlier appeal of the order striking his claim was dismissed by this court for lack of jurisdiction because the order did not finally resolve the litigation and was not otherwise immediately appealable.

the specific property claimed; (B) identify the claimant and state the claimant's interest in the property; (C) be signed by the claimant under penalty of perjury; and (D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D)."  Rule G provides, in part, that the government may move to strike a claim or answer "for failing to comply with Rule G(5) or (6)."  Supplemental Rule G(8)(c)(i)(A).

The government argued that Primm's claim did not satisfy the minimum pleading standards of Rule G(5)(a)(i)(B) because his naked assertion of ownership failed to adequately "state the claimant's interest in the property."  The district court agreed.  Since then, however, this court expressly rejected the same arguments and held that: "At the pleading stage, a verified claim of ownership is sufficient to satisfy Article III *and the procedural requirements of Rule G.*"  *$31,000 in U.S. Currency*, 872 F.3d at 351 (emphasis added).  Bound by that decision, which has equal application here, we find Primm's claim should not have been stricken for failure to comply with Rule G(5)(a)(i)(B).

Accordingly, the district court's order granting the government's motion to strike is **REVERSED** and the case is **REMANDED** for further proceedings consistent with this opinion.