**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 19a0561n.06

Case No. 18-4042

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Nov 06, 2019

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| $99,500.00 U.S. CURRENCY SEIZED | ) | NORTHERN DISTRICT OF |
| ON MARCH 20, 2016; $107,900.00 | ) | OHIO |
| U.S. CURRENCY SEIZED ON JUNE | ) | |
| 17, 2016; and $57,999.00 U.S. | ) | |
| CURRENCY SEIZED ON AUGUST | ) | |
| 18, 2016, | ) | |
| Defendants, | ) | |
| | ) | |
| SAMSON PRIMM, | ) | |
| Claimant-Appellant. | ) | |

BEFORE: BOGGS, BATCHELDER, and DONALD, Circuit Judges.

**BERNICE BOUIE DONALD, Circuit Judge.** Samson Primm wants to proceed on a claim to the defendant monies that are now the subject of this governmental forfeiture action. But because Primm no longer has a colorable

ownership, possessory, or security interest in at least a portion of the defendant properties, the district court dismissed his claim on summary judgment for lack of Article III standing. We affirm.

I.

This civil-forfeiture action involves three defendant properties seized by law-enforcement officers and Primm's asserted interests in said properties. The United States filed this forfeiture action on October 3, 2016, pursuant to 21 U.S.C. §881(a)(6), against the defendant properties—namely, $99,500; $107,900; and $57,999 in U.S. currency seized by law enforcement on March 20, 2016; June 17, 2016; and August 18, 2016, respectively. The government alleged that the defendant properties constitute proceeds from illegal drug trafficking, were furnished or intended to be furnished in exchange for illegal drugs, and/or were used or intended to be used to facilitate illegal drug-trafficking activities.

In response to the action, Primm filed a verified claim "assert[ing] his absolute[] and unqualified[] ownership interest[] and his unqualified right (and entitlement) to, and in," the defendant properties and stating that he was "in sole[] and exclusive possession" of these monies when they were seized. He also filed a separate answer that claimed sole ownership and exclusive possession of the properties when they were seized from him but, notably, denied all of the

government's pertinent allegations regarding the seizures thereof, including that the monies were taken from his possession and that he won some of it while gambling.

The United States moved to strike both claims, arguing that Primm made only bald assertions of ownership insufficient to meet the statutory requirements of Rule G of the Federal Rules of Civil Procedure's Supplemental Rules for Admiralty or Maritime Claims and Civil Forfeiture Actions. *United States v. $99,500.00 U.S. Currency*, 699 F. App'x 542, 542 (6th Cir. 2017). The district court granted the motion to strike, and Primm appealed. *Id.* Relying on our decision in *United States v. $31,000.00 in U.S. Currency*, 872 F.3d 342 (6th Cir. 2017) [hereinafter *$31,000.00 I*], we reversed the district court's holding, reasoning that Primm's verified claim of ownership was sufficient to satisfy Article III standing requirements and the procedural requirements of Rule G at the pleading stage. *United States v. $99,500.00 U.S. Currency*, 699 F. App'x at 543-44. We then remanded the matter back to the district court. *Id.* at 544.

On remand, the district court held a case-management conference, where it set deadlines for discovery and dispositive motions. On January 25, 2018, the United States timely served special interrogatories and requests for production of documents to Primm's counsel. The discovery sought information about the nature of Primm's interest in the defendant monies, the source of the defendant monies, and Primm's legitimate sources of income, if any. Primm did not respond to the discovery

requests and, instead, filed an "Opposition to Government's First Set of Interrogatories and Request for Production of Documents." In his opposition, Primm argued that he was not required to respond to the requests until the United States survived his motion to suppress and proved that the defendant monies are subject to forfeiture. Primm also attached an affidavit asserting his Fifth Amendment right in response to the requests but also implying (in conjunction with his opposition) that he reserved the right to supplement his responses after the district court ruled on his motion to suppress and determined forfeitability of the seized properties.

On March 9, 2018, the district court entered an order explaining that Primm's assertions were not supported by law and that discovery would proceed as scheduled. The district court also ordered Primm to clarify whether he was making a blanket refusal to answer to the United States' discovery requests based upon his Fifth Amendment privilege against self-incrimination or if he intended to respond to the outstanding requests. In response, Primm stated that he was not making a "blanket refusal" and that he would respond to any question that would not tend to incriminate him. Primm ended his response, however, by once again suggesting that he did not need to respond to any discovery requests until after the government proves that the monies at issue were lawfully seized and forfeitable.

With Primm still not responding to the discovery requests, the government filed a motion to compel Primm's responses to the outstanding discovery, which the district court granted on April 20, 2018, and ordered Primm to respond to the requests by April 27, 2018. Again, Primm did not respond. Accordingly, the United States, pursuant to Fed. R. Civ. P. 37(b)(2)(A), moved to strike Primm's claim and his answer for failing to respond to its discovery requests. At that point, Primm responded in opposition by stating that he had all along asserted his Fifth Amendment privilege in response "to all questions put to him, and, [that] he will continue to do so"; he also asserted his Fifth Amendment privilege in reference to his being compelled to produce any documents. With it then clear that Primm was asserting his Fifth Amendment response to all discovery, the district court denied the government's motion to strike.

Thereafter, the United States filed a motion for summary judgment on the issue of standing, arguing that the district court should strike Primm's verified claim and answer, along with the naked assertions of ownership therein, based upon Primm's failure to respond to discovery requests aimed at determining the legitimacy of his claimed ownership interests. Primm opposed the relief sought and filed a cross-motion for summary judgment. The United States then filed, as one document, a reply to its own motion and a response to Primm's motion. Upon consideration, the district court struck Primm's conclusory assertions of ownership

in his verified claim and answer, granted the United States' motion for summary judgment on the issue of standing based on Primm's failure to satisfy Article III, and denied Primm's motion for summary judgment.[1]

## II.

"Generally, we review 'a district court's decision to strike a claim in an *in rem* forfeiture action for an abuse of discretion.'" *$31,000.00*, 872 F.3d at 347 (quoting *United States v. One 2011 Porsche Panamera*, 684 F. App'x 501, 506 (6th Cir. 2017)). We review *de novo*, however, "'[a] district court's determination of a claimant's standing to contest a federal forfeiture action.'" *Id.* (quoting *United States v. Real Prop. Located at 4527-4535 Mich. Ave., Detroit, Mich.*, 489 F. App'x 855, 857 (6th Cir. 2012)). Moreover, this Court reviews a district court's grant of summary judgment *de novo*. *Bormuth v. Cty. of Jackson*, 870 F.3d 494, 503 (6th Cir. 2017) (en banc).

## III.

We hold that the district court did not err in finding that Primm failed to meet his burden of establishing Article III standing at the summary-judgment stage of the proceeding below. In challenging the district court's summary-judgment ruling in

---

[1]Although the United States filed a motion for summary judgment on June 5, 2018, the district court, thereafter, granted it leave to file a motion for summary judgment on the issue of standing. The latter motion is what the district court relied on in dismissing Primm's claims and is the subject of this appeal.

favor of the United States, Primm makes three primary arguments: (A) the lower court's ruling goes against the law of the case; (B) the lower court improperly drew an adverse inference against him based on his invocation of the Fifth Amendment right against self-incrimination; and (C) the lower court improperly sanctioned him for his invocation of the right against self-incrimination, because Fed. R. Civ. P. 26(b)(1) and (b)(5) limit the scope of discovery to matters "not privileged."

## A.

Addressing Primm's first argument, we hold that the district court, in finding that Primm lacked standing at summary judgment, did not go against the law of the case. The law-of-the-case doctrine "provides that courts' earlier decisions 'should continue to govern the same issues in subsequent stages in the same case.'" *In re Blasingame*, 920 F.3d 384, 392 (6th Cir. 2019) (quoting *Musacchio v. United States*, 136 S. Ct. 709, 716 (2016)). The rule applies after a case is remanded to a trial court by an appellate court. *United States v. Twp. of Brighton*, 282 F.3d 915, 919 (6th Cir. 2002).

In regard to Primm's standing in this matter, this court previously ruled that Primm's verified claim of ownership was sufficient to satisfy Article III standing requirements and the procedural requirements of Rule G *at the pleading stage*. *$99,500.00 U.S. Currency*, 699 F. App'x at 544. The district court's most recent Article III determination, however, was not made at the pleading stage. On remand,

the district court held a case-management conference and set deadlines for discovery and dispositive motions before ruling at the summary-judgment stage of the proceedings that Primm did not have Article III standing. *United States v. $99,500 in U.S. Currency*, 339 F. Supp. 3d 690, 693, 700 (N.D. Ohio 2018).

This Court's determination of whether Primm met his burden of establishing Article III standing and the requirements of Rule G at the pleading stage, did not preclude the United States from arguing, or the district court from ruling, that he failed to show Article III standing on summary judgment. *United States v. $31,000.00 in U.S. Currency*, 774 F. App'x 288, 292-93 (6th Cir. 2019) [hereinafter *$31,000.00 III*]. Indeed, at no point has this court held that Primm has standing for summary-judgment purposes. Thus, Primm's first argument is without merit.

## B.

Primm's argument that the lower court improperly drew an adverse inference against him because of his invocation of his Fifth Amendment privilege against self-incrimination also lacks merit. In ruling on the United States' summary-judgment motion below, the district court stated as follows:

> Claimant does not address the government's argument that the Court should strike his naked assertion of ownership because he failed to answer any discovery directed at determining the legitimacy of that assertion. Instead, he argues that the Court cannot draw an adverse inference from the assertion of the privilege. Because the government has not asked for an adverse inference, the Court need not address this argument.

*$99,500 in U.S. Currency*, 339 F. Supp. 3d at 697 n.4. As evidenced by the above excerpt, and through the remainder of the district court's opinion, the court below did not consider, let alone make, any adverse inferences as a result of Primm invoking his right against self-incrimination.

To be certain, the district court struck Primm's conclusory assertions of ownership in his verified claim and answer, leaving him with an unexplained claim of possession. *Id.* at 697-700. As found by the district court, such an unexplained claim of possession is insufficient to meet the burden of establishing Article III standing at the summary-judgment stage.[2] *See United States v. $677,660.00 in U.S. Currency*, 513 F. App'x 531, 532 (6th Cir. 2013) (per curiam); *see also United States v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 498 (6th Cir. 1998). Thus, although the district court struck Primm's conclusory assertions of ownership, the district court did not draw any adverse inferences as a result of Primm's invocation of his right against self-incrimination.

## C.

Moreover, we find no merit in Primm's argument that the district court abused its discretion by striking his assertions of ownership from his verified claim and

---

[2] Although Primm makes a cursory argument that the facts relied upon by the United States in support of its motion for summary judgment on the issue of standing were insufficient to carry its burden of proof, we do not reach this issue, as Primm never met his threshold burden of establishing Article III standing.

answer, which he frames as an improper imposition of a sanction based on a rightful assertion of a privilege, in violation of Fed. R. Civ. P. 26. "As in any federal suit, a claimant must have Article III standing" in an *in rem* civil forfeiture proceeding. *$31,000.00 I*, 872 F.3d at 348. The burden to show standing in such matters is on the claimant. *Id.* Courts assess "Article III standing in civil forfeiture cases by requiring that 'a claimant must have a colorable ownership, possessory[,] or security interest in at least a portion of the defendant property.'" *Id.* (quoting *$515,060.42 in U.S. Currency*, 152 F.3d at 497). At the summary-judgment stage, a claimant must "present 'some evidence of ownership' beyond the mere assertion of an ownership interest in the property." *United States v. $31,000 in U.S. Currency*, No. 1:16 CV 1581, 2018 U.S. Dist. LEXIS 86656, at *11–12 (N.D. Ohio May 23, 2018) [hereinafter *$31, 000.00 II*] (citing *United States v. Phillips*, 883 F.3d 399, 403 (4th Cir. 2018)).

Below, the United States filed a motion for summary judgment on the issue of standing, requesting that the district court strike Primm's verified claim and answer, along with the naked assertions of ownership therein, based upon Primm's failure to respond to discovery requests aimed at determining the legitimacy of his claimed ownership interests. In other words, the United States argued that the district court should strike Primm's conclusory assertions of ownership that came as a result of Primm freely responding to questions that were advantageous to his cause,

given that he, thereafter, made a blanket invocation of his Fifth Amendment right to avoid answering questions relevant to his ownership assertions.

The district court, finding merit in the argument, struck Primm's assertions of ownership. As held by the district court below, as well as this court and our sister circuits, where a claimant seeks to use the Fifth Amendment to abuse or obstruct the discovery process, trial courts may, to prevent prejudice to opposing parties, adopt remedial procedures or impose sanctions, which includes striking claims of ownership in a verified claim or answer. *$31,000.00 III*, 774 F. App'x 288, 291-92; *see $99,500 in U.S. Currency*, 339 F. Supp. 3d at 697-99 (discussing cases). The reason why courts do so, in such circumstances, is that the claimants' claim of privilege "raises the core concern" that their testimony could furnish them with what may be false evidence and prejudice the government by depriving it of any means of detecting the falsity. *$99,500 in U.S. Currency*, 339 F. Supp. 3d at 698-99 (quotation omitted) (quoting *$31,000.00 II*, 2018 U.S. Dist. LEXIS 86656, at *19); *see also United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 642 (9th Cir. Feb. 21, 2012).

As seen here, striking Primm's assertions of ownership left the record devoid of any claim of ownership to the seized currency. With only an unexplained claim of possession, Primm could not meet his burden of establishing standing at the summary judgment stage. *See $677,660.00 in U.S. Currency*, 513 F. App'x at 532

(per curiam); *see also $ 515,060.42 in U.S. Currency*, 152 F.3d at 498. Thus, the district court did not abuse its discretion in striking Primm's claim of ownership in the defendant properties.

Regarding the remainder of Primm's assertions challenging the validity of the underlying seizures and forfeiture, the court finds no error in the district court not considering the arguments, as Primm did not meet his threshold burden of showing Article III standing.

IV.

Because Primm no longer has a colorable ownership, possessory, or security interest in at least a portion of the defendant properties, he has not met his burden of establishing standing under Article III, precluding him from proceeding on a claim to the defendant monies.

We affirm.